# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

DAVID A. NOWICKI, and
BARBARA C. TREMEL
       **Plaintiffs,**

    **v.**                                **Case No. 11-CV-0514**

ALICE E. DELAO, et al.,
       **Defendants.**

---

## DECISION AND ORDER

Pro se plaintiffs David Nowicki and Barbara Tremel sue eleven defendants, including the State of Wisconsin, two Wisconsin assistant attorney generals, two administrative law judges employed by the Equal Rights Division of the Wisconsin Department of Workforce Development ("DWD"), the Milwaukee Metropolitan Fair Housing Counsel ("MMFHC"), two MMFHC attorneys, two employees of the Department of Housing and Urban Development ("HUD") and Tunisha Perkins, a disabled individual. Plaintiffs allege that defendants conspired to manufacture housing discrimination charges against them for the purpose of extorting money and depriving them of their civil rights. Before me now are defendants' motions to dismiss.

Plaintiffs allege that in September 2010, Perkins, with the assistance of MMFHC attorneys Margaret Bowitz and Megan Wanke, filed disability discrimination complaints against them with the DWD and HUD. Perkins claims that in December 2009 Nowicki refused to rent her a house because she is disabled. Tremel is the owner of the house in question, and Nowicki manages the property for her. The DWD and HUD investigated the

matter, and Wisconsin Assistant Attorney General David Rice reviewed the evidence and found that there was probable cause to believe that plaintiffs had committed housing discrimination. Plaintiffs allege that this finding of probable cause was incorrect because Perkins' credit history made her ineligible to rent the house, but Perkins accused Nowicki of refusing to rent the house to her without checking her credit history. So, her credit history is irrelevant.

As a result of Rice's review of the case, the DWD notified plaintiffs that it was instituting an administrative proceeding against them. Around the same time, HUD notified plaintiffs that its investigation was still ongoing. Pamela Cannon, a HUD representative, offered plaintiffs the option of settling the case, but plaintiffs declined. In March 2011, the DWD informed plaintiffs that it would hold a hearing on May 24, 2011. Subsequently, Nowicki requested a substantial amount of discovery, but he asserts that Chief Administrative Law Judge Pamela Rasche improperly declined to allow him to conduct discovery because of his pro se status. After Nowicki complained about this alleged deprivation of his due process rights, Administrative Law Judge Alice DeLaO adjourned the hearing. Soon after, plaintiffs commenced the present action. In addition to the individuals discussed above, plaintiffs named as defendants Wisconsin Assistant Attorney General David Hart, who agreed to represent Perkins before the DWD, and Thomas Nelson, Director of Fair Housing and Equal Opportunity at HUD.

Plaintiffs assert some ten claims, all of which must be dismissed. As an initial matter, plaintiffs' claims against the State of Wisconsin are barred by the Eleventh Amendment, see Will v. Mich. Dept. of State Police, 491 U.S. 58, 66 (1989), and plaintiffs' official capacity claims for damages against Rasche, DeLaO, Rice and Hart must be

dismissed for the same reason. Additionally, the double jeopardy claim asserted by plaintiffs in the fact section of their complaint is baseless. Only the DWD has decided to press charges against plaintiffs at this point, and double jeopardy does not apply in this context.

In Counts I and II, plaintiffs assert RICO claims under 18 U.S.C. § 1964(c), but these claims must be dismissed because plaintiffs fail to state facts sufficient to support them. Plaintiffs fail to allege facts sufficient to support the existence of a conspiracy, the existence of a RICO enterprise or the existence of a pattern of racketeering activity. Plaintiffs allege that defendants worked together to commit various crimes, but nothing in their complaint comes close to supporting this allegation.

In Count III, plaintiffs allege that defendants violated the Fair Housing Act ("FHA") by selectively targeting them "and other Wisconsin landlords and rental agents" because they are white. Plaintiffs fail to state a claim for housing discrimination. The FHA protects the rights of seekers of housing, not landlords. See 42 U.S.C. § 3604. Also, the FHA affirmatively required Cannon to investigate and attempt to settle all discrimination complaints filed with HUD, and that is exactly what Cannon is alleged to have done. See 42 U.S.C. § 3610.

In Counts IV and V, plaintiffs allege that defendants violated 42 U.S.C. §§ 1981 and 1982 by manufacturing housing discrimination claims against them because they are white. This claim fails because plaintiffs allege no facts that support a finding that their race was a factor in defendants' decision to help Perkins' file her complaints or to investigate those complaints. The more plausible explanation for defendants' actions, based on the facts

alleged, is that defendants believed that they had probable cause to prosecute plaintiffs for discriminating against Perkins on the basis of her disability.

In Count VI, plaintiffs bring a claim under 42 U.S.C. § 1983. This claim must be dismissed for several reasons. First, § 1983 only creates a cause of action against individuals who act under color of state law, meaning that their conduct can fairly be characterized as "state action." See Lugar v. Edmondson Oil Co., Inc. 457 U.S. 922, 928–29 (1982). The only defendants named in the complaint who are state officials are Rasche, DeLaO, Rice, and Hart. MMFHC is a private, non-profit organization, Perkins, Bowitz, and Wanke are private citizens, and Cannon and Nelson are federal, not state, employees. Plaintiffs state no facts suggesting that the defendants who are not state officials should be treated as state actors. The § 1983 claims against Rasche and DeLaO must also be dismissed because these defendants are administrative law judges entitled to absolute immunity for their judicial acts. Butz v. Economou, 438 U.S. 478, 512–13 (1978). Finally, the § 1983 claims against Rice and Hart must be dismissed because plaintiffs allege no facts which support them. The only allegations against Rice are that he found that there was probable cause to begin administrative proceedings against plaintiffs before the DWD, and that he agreed to represent Perkins in that proceeding. The only allegation against Hart is that he also agreed to represent Perkins in the DWD proceedings. Plaintiffs provide no reason to believe that Perkins' complaint was not supported by probable cause or that the actions of Rice and Hart were in any way unlawful. Therefore, these allegations do not support a finding that either Rice or Hart deprived plaintiffs of their civil rights.

4

In Count VII, plaintiffs claim that defendants conspired to deprive them of various constitutional and statutory rights in violation of 42 U.S.C. § 1985. To establish a conspiracy claim, plaintiffs must allege the existence of an agreement, and "if the agreement is not overt, 'the alleged acts must be sufficient to raise the inference of mutual understanding' (i.e., the acts performed by the members of the conspiracy 'are unlikely to have been undertaken without an agreement.'" Amundsen v. Chicago Park Dist., 218 F.3d 712, 718 (7th Cir. 2000) (quoting Kunik v. Racine Cnty., Wis., 946 F.2d 1574 (7th Cir. 1991)). The factual allegations in the complaint are too vague and conclusory to support a finding that defendants conspired against plaintiffs. All of defendants' alleged interactions with one another are consistent with state and federal law. Perkins exercised her legal right to file discrimination complaints against plaintiffs with the help of her attorneys, and the other defendants responded by investigating those complaints and trying to facilitate a settlement.

In Counts VIII and IX, plaintiffs ask that I declare that the proceedings against plaintiffs must be dismissed because the Wisconsin Open Housing Law, Wis. Stat. § 106.50(2r) ( which outlaws housing discrimination against disabled individuals), and Wis. Admin. Code DWD § 220.18 (governing discovery in DWD proceedings) are unconstitutional. However, federal courts are generally prohibited from interfering with ongoing state proceedings. Younger v. Harris, 401 U.S. 37 (1971). The ongoing proceeding before the DWD is the proper forum for plaintiffs' constitutional challenges. See Ohio Civil Rights Comm'n v. Dayton Christian Schools, Inc., 477 U.S. 619 (1986).

In Count X, plaintiffs ask me to declare that Tremel cannot be held liable for any of Nowicki's acts because Nowicki is an independent contractor. There does not appear to

be an independent basis for exercising jurisdiction over this claim because it is not based on diversity and does not raise a federal question. It appears to be a state law claim, and as such I decline to exercise supplemental jurisdiction over it. See 28 U.S.C. § 1367(c).

For all of the foregoing reasons, I am dismissing Counts I through X of the complaint. Since plaintiffs have had ample opportunity to explain their case in their responses to defendants' five different motions to dismiss, I am dismissing this case without leave to amend.

**THEREFORE, IT IS ORDERED** that plaintiffs' motion to include plaintiffs' September 21, 2011 Letter to HUD [DOCKET #65] in the argument section of all briefs filed by plaintiffs is **GRANTED**.

**IT IS FURTHER ORDERED** that defendants' motions to dismiss [DOCKET #29, 32, 37, 41, and 45] are **GRANTED**.

Dated at Milwaukee, Wisconsin, this 3rd day of February 2012.


s/_____
LYNN ADELMAN
District Judge