# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DAVID A. NOWICKI, and**
**BARBARA C. TREMEL,**
       **Plaintiffs,**

    v.                                                                   Case No. 11-CV-00514

**ALICE E. DELAO, et al.,**
       **Defendants.**

## DECISION AND ORDER

On February 3, 2012, I issued an order dismissing pro se plaintiffs' David Nowicki and Barbara Tremel's first amended complaint. On February 22, 2012, plaintiffs filed a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e) and requested leave to file a second amended complaint. I may grant a motion for reconsideration on the basis of newly discovered evidence or to correct a manifest error of fact or law. Moro v. Shell Oil Co., 91 F.3d 872, 876 (7th Cir. 1996). Plaintiffs' brief in support of their motion for reconsideration claims that they have new evidence to present to the court. However, neither their brief nor their proposed second amended complaint actually identifies any new evidence. While the second amended complaint is eight pages longer than the first amended complaint and drops plaintiffs' claims against some of the defendants, the factual allegations in both complaints are substantially the same. As a result, I will deny the motion for reconsideration and the motion to file a second amended complaint.

Plaintiffs have also requested that I appoint counsel to represent them and that I recuse myself from this case. Although this court has the discretion to request attorneys

to represent indigents in appropriate cases pursuant to 28 U.S.C. § 1915(e)(1), <u>Luttrell v. Nickel</u>, 129 F.3d 933, 936 (7th Cir. 1997), plaintiffs have not presented any evidence that they are indigent. They paid the $350.00 filing fee for this case. Therefore, I will deny their motion to appoint counsel. I will also deny plaintiffs' motion for recusal because I do not believe there is any legitimate reason for me to recuse myself. The fact that my wife made a political contribution six years ago to a person who is not a party to this litigation does not affect my ability to impartially decide this case.

Finally, plaintiffs have brought a motion to extend the time for filing a notice of appeal, but I will deny this motion as moot. Under Federal Rule of Appellate Procedure 4, a party normally has 30 days from the entry of judgment to file a notice of appeal. However, if a party files a motion for reconsideration, as plaintiffs did here, the time for filing an appeal is extended and does not begin to run until the district court enters the order disposing of the motion for reconsideration. <u>See</u> Fed. R. App. P. 4(a)(4)(A)(iv). Therefore, plaintiffs still have 30 days from the entry of this order to file their notice of appeal if they wish to do so. The request for additional time was unnecessary.

As a result of plaintiffs' prosecution of this case, defendants Margaret Bowitz, Meghan Wanke, and the Milwaukee Metropolitan Fair Housing Council ("MMFHC") have filed a motion for sanctions against plaintiffs under Federal Rule of Civil Procedure 11(b). On July 27, 2011, these defendants gave plaintiffs notice of their intent to seek sanctions. These defendants contend that plaintiffs filed this case in bad faith, making sweeping allegations of fraud, conspiracy, extortion, racketeering, and racial discrimination in an effort to retaliate against defendants for assisting Tunisha Perkins in prosecuting plaintiffs for housing discrimination. After receiving notice of defendants' intention to seek sanctions,

plaintiffs chose not to withdraw their complaint and vigorously opposed all of the defendants' motions to dismiss. Defendants Bowitz, Wanke and the MMFHC now ask that plaintiffs be required to pay their reasonable attorneys fees associated with defending this case. Because plaintiffs are proceeding pro se, I will refrain from awarding sanctions at this time. However, I warn plaintiffs that if they continue to attempt to re-litigate in this court the claims which I have now clearly rejected, I will impose monetary sanctions.

**THEREFORE, IT IS ORDERED** that plaintiffs' motion for reconsideration and for leave to file a second amended complaint [DOCKET #68] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiffs' motion to appoint counsel [DOCKET #68] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiffs' motion for an extension of the time to file an appeal [DOCKET #68] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that plaintiffs' motion for recusal [DOCKET #76] is **DENIED**.

**IT IS FURTHER ORDERED** that the motion for sanctions [DOCKET #73] is **DENIED**.

Dated at Milwaukee, Wisconsin, this 14th day of April, 2012.

s/_____
LYNN ADELMAN
District Judge